Joseph D. KOUTNIK, Plaintiff,

v.

Lebbeus BROWN, Peter Huibregtse, Ellen Ray, Richard Raemisch, Gerald Berge and Matthew J. Frank, Defendants.

No. 04–C–911–C.

United States District Court, W.D. Wisconsin.

Dec. 30, 2004.

Joseph D. Koutnik, pro se.

Corey F. Finkelmeyer, Assistant Attorney General, Madison, WI, for Defendants.

## ORDER

CRABB, Chief Judge.

This is a proposed civil action for declaratory, injunctive and monetary relief brought under 42 U.S.C. § 1983. Plaintiff Joseph Koutnik, who is presently confined at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, alleges that defendants Lebbeus Brown, Peter Huibregtse, Ellen Ray, Richard Raemisch, Gerald Berge and Matthew J. Frank violated his rights under the First and Fourteenth Amendments when they refused to deliver a letter plaintiff wrote and then disciplined him for writing it.

Plaintiff has paid the $150 filing fee. Nevertheless, because he is a prisoner, he is subject to the 1996 Prison Litigation Reform Act. Under the act, plaintiff cannot proceed with this action unless the court grants him permission to proceed after screening his complaint pursuant to 28 U.S.C. § 1915A. The act requires the court to deny leave to proceed if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. This court will not dismiss plaintiff's case on its own motion for lack of administrative exhaustion, but if defendants believe that plaintiff has not exhausted the remedies available to him as required by § 1997e(a), they may allege his lack of exhaustion as an affirmative defense and argue it on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Massey v. Helman,* 196 F.3d 727 (7th Cir.1999); *see also Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir.1999).

Plaintiff submitted copies of the paperwork generated in connection with his inmate complaint that are necessary to understand his claims. I will consider these submissions as part of his pleading. *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002). From these materials, I understand petitioner to be alleging the following.

## ALLEGATIONS OF FACT

### A. *Parties*

Plaintiff Joseph Koutnik is an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Defendant Lebbeus Brown is a captain and the Disruptive Groups Coordinator at the facility. Defendant Gerald Berge is the warden and defendant Peter Huibregtse is deputy warden at the facility. Defendant Ellen Ray

is an inmate complaint examiner at the facility. Defendant Matthew Frank is Secretary of the Wisconsin Department of Corrections and defendant Richard Raemisch works for the Department of Corrections.

### B. *Non–Delivery of Mail*

On August 29, 2004, plaintiff attempted to mail a letter to Jimmy Velioski, a resident of Waupun, Wisconsin. The letter was not intended for dissemination within any correctional facility and no other inmate ever saw its contents. It did not teach or advocate any illegal activity, disruption or behavior consistent with a gang and did not contain any gang literature, creed or symbols. On September 2, 2004 defendant Brown refused to mail plaintiff's letter because he believed doing so would violate Wis. Admin. Code §§ DOC 303.20 and 309.04(4)(c)(10); on that date he issued plaintiff a "Notice of Non–Delivery of Mail" and on September 5 he demoted plaintiff from level 3 to level 2 because of the letter.

### C. *Inmate Complaint Process*

On September 12, 2004 plaintiff filed an inmate complaint regarding the non-delivery of his letter. On September 22, defendant Ray recommended dismissal of plaintiff's complaint. Her report contained the following factual summary:

> The [inmate complaint examiner] has contacted Captain Brown, Disruptive Groups Coordinator. He has stated "Upon review, I found a drawn clock which was drawn with a 24 hour face and had three hands. The hour hand pointed to the 19, the minute hand pointed to the 3, and the second hand pointed to the 18. Using these numbers against the alphabet this translates to SCR which stands for Simon City Royals. Koutnik is a self-admitted member of this gang and carries body tattoo that identifies him as a Simon City Royal.

> Also on the clock he wrote 'The Watch Dog In The Shadow'. This relates to Koutnik's position within the gang."

> The ICE is not a disruptive groups expert and will therefore defer to the opinion of Captain Brown. As such, the ICE is in agreement with the notice of non delivery and dismissal of this complaint is recommended.

Defendant Huibregtse affirmed defendant Ray's recommendation on October 8, 2004.

Plaintiff filed a "Request for Corrections Complaint Examiner Review" on October 12 in which he disputed defendant Brown's claim that plaintiff's letter was gang-related. Corrections complaint examiner Sandra Hautamaki recommended dismissal of plaintiff's claim on October 14, stating the following:

> Based on and in agreement with the report of the Institution Complaint Examiner, it is recommended this complaint be dismissed. The CCE is also deferring to the assessment of the institution Disruptive Groups Coordinator in making this recommendation.

The next day, defendant Raemisch accepted Hautamaki's recommendation as the decision of defendant Frank, Secretary of the Department of Corrections.

### DISCUSSION

#### A. *Complaint Examiners*

■ Before turning to the substance of plaintiff's complaint, I will address the potential liability of inmate complaint reviewers and examiners. Plaintiff has named as defendants the inmate complaint examiner who reviewed his complaint (Ray) and the officials who affirmed defendant Ray's recommendation (Huibregtse and Raemisch). It is well established that liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. *See Gentry v. Duckworth*, 65

F.3d 555, 561 (7th Cir.1995); *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994); *Morales v. Cadena,* 825 F.2d 1095, 1101 (7th Cir.1987); *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983). "A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Wolf–Lillie,* 699 F.2d at 869.

In order to satisfy the personal involvement requirement, a plaintiff need not show direct participation. *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir.2003). However, he must show that the defendant knew about the violation and facilitated it, approved it, condoned it or turned a blind eye for fear of what he or she might see. *Morfin v. City of Chicago,* 349 F.3d 989, 1001 (7th Cir.2003). The Court of Appeals for the Seventh Circuit has held that a prison official may be held liable for a constitutional violation if he knew about it and had the ability to intervene but failed to do so. *Fillmore v. Page,* 358 F.3d 496, 505–06 (7th Cir.2004). However, this rule "is not so broad as to place a responsibility on every government employee to intervene in the acts of all other government employees." *Windle v. City of Marion, Ind.,* 321 F.3d 658, 663 (7th Cir.2003). Recently, the court of appeals made it clear that in order to succeed on a failure to intervene theory, a plaintiff must prove that the defendant failed to intervene with deliberate or reckless disregard for the plaintiff's constitutional right. *Fillmore,* 358 F.3d at 505–06. If inmate complaint examiners have authority to find in favor of an inmate on the ground that they believe a regulation or practice is unconstitutional, this might be sufficient to satisfy the personal involvement requirement. However, if they have such discretion, then they are entitled to absolute immunity for their decisions. It is well settled that prison officials are entitled to

immunity for acts that are functionally equivalent to those of judges. *Wilson v. Kelkhoff,* 86 F.3d 1438, 1443–1445 (7th Cir. 1996).

Absolute immunity immunizes government officials from liability completely and is accorded to public officials only in limited circumstances. *Burns v. Reed,* 500 U.S. 478, 486–87, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). In most instances, qualified immunity is regarded as sufficient to protect government officials in the exercise of their duties. *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Qualified immunity protects officials from liability for the performance of discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Truly judicial acts" are among the few functions accorded the more encompassing protections of absolute immunity. *Forrester v. White,* 484 U.S. 219, 226–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

In determining whether government officials are entitled to absolute immunity, courts apply a functional approach, evaluating whether the official's action is functionally comparable to that of judges. *Wilson,* 86 F.3d at 1445. If the acts are ministerial and unrelated to the decision making process, they are not covered. *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (court reporter not entitled to absolute immunity for failing to provide a transcript promptly even though task is "part of the judicial function"). In deciding whether a government official is entitled to absolute immunity, a court must look at " 'the nature of the function performed, not the identity of the actor who performed

it.' " *Buckley*, 509 U.S. at 269, 113 S.Ct. 2606 (quoting *Forrester*, 484 U.S. at 229, 108 S.Ct. 538).

Under the inmate complaint review system described in Wis. Admin. Code Ch. DOC 310, an inmate complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements or recommend to the appropriate reviewing authority that they be granted or dismissed. Wis. Admin. Code § DOC 310.07(2). If the examiner makes a recommendation, the reviewing authority has the authority to dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate appeals the decision of the reviewing authority, the corrections complaint examiner is required to conduct additional investigation where appropriate and make a recommendation to the secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within forty-five days after a recommendation has been made, the secretary must accept it in whole or with modifications, reject it and make a new decision or return it for further investigation.

 "[T]he 'touchstone' for [the applicability of the doctrine of judicial immunity] has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.' " *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir.2004) (quoting *Antoine*, 508 U.S. at 435–36, 113 S.Ct. 2167 (additional citations omitted)). When inmate complaint review personnel reject inmate complaints for procedural deficiencies or dismiss them as unmeritorious, they perform an adjudicatory function and therefore, are entitled to absolute immunity for those acts. *Cf. Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (absolute immunity available for conduct of prosecutors that is "intimately associated with the judicial phase of the criminal process"); *Walrath v. United States*, 35 F.3d 277 (7th Cir.1994) (parole board members are entitled to absolute immunity for making parole revocation decisions); *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517 (7th Cir.2001) (members of state board of elections entitled to absolute immunity for refusing to certify political candidates; decision was product of process much like court trial). Also, absolute immunity is accorded officials when they make recommendations to dismiss or to affirm dismissals. *Tobin*, 268 F.3d at 522 (officials making recommendation entitled to immunity just as magistrate judge who makes recommendation to district court would be); *Wilson*, 86 F.3d at 1445 (absolute immunity protects against both actual decision making and any act that is "part and parcel" of the decision making process).

 Because I conclude that the persons making recommendations for the disposition of inmate complaints are entitled to absolute immunity, plaintiff will not be allowed to proceed against defendants Ray, Huibregtse and Raemisch. This conclusion is consistent with the purpose behind affording absolute immunity, which is to free the judicial process from harassment and intimidation. *Forrester*, 484 U.S. at 226, 108 S.Ct. 538 ("the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have"). The potential for harassment or intimidation is particularly high in the prison setting given the unusually litigious tendencies of inmate populations.

I now turn to the substance of plaintiff's complaint.

### B. *Substantive Due Process*

██ I understand plaintiff to allege that Wis. Admin. Code § DOC 303.20(3) is

unconstitutionally vague and overbroad and that it is used by defendants to harass and punish plaintiff for engaging in constitutionally protected activity. Plaintiff alleges that this constitutes a violation of his substantive due process rights under the Fourteenth Amendment. Because it is difficult to place responsible limits on the concept of substantive due process, the Supreme Court has directed lower courts to analyze claims under more specifically applicable constitutional provisions before addressing a substantive due process challenge. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In this case, plaintiff alleges that the actions of defendants violated his First Amendment rights to free speech and freedom of expression. Therefore, it is unnecessary to analyze his claim under a substantive due process theory. Plaintiff's substantive due process claim will be dismissed.

## C. *First Amendment*

### 1. *Wis. Admin. Code § 303.20*

 Plaintiff has challenged the constitutionality of Wis. Admin. Code § DOC 303.20 in this court in a previous lawsuit. *Koutnik v. Brown et al.*, No. 04–C–580–C. In that case, I denied plaintiff leave to proceed on his claim that § DOC 303.20 was unconstitutional on its face and as applied. As I explained in that case,

DOC 303.20 prohibits participation in gang activity and possession of gang literature or symbols. Prison officials have a strong interest in suppressing gang activity to promote a safe and secure prison environment. *Rios v. Lane*, 812 F.2d 1032, 1037 (7th Cir.1987). DOC 303.20 promotes that interest by allowing prison officials to discipline inmates who participate in gang activity.

Order, *Koutnik v. Brown et al.*, No. 04–C–580, dkt. # 3, at 10. Plaintiff has not presented any new facts that might persuade me that there is legal merit to his claim that § DOC 303.20 is unconstitutional on its face and as applied. Therefore, he will be denied leave to proceed on this claim.

### 2. *Personal involvement*

 Before discussing the standard of review that applies to plaintiff's First Amendment claim, I note that he has not alleged sufficient personal involvement of defendants Berge and Frank. It is well established that liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir.1994); *Morales v. Cadena*, 825 F.2d 1095, 1101 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). "A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Wolf-Lillie*, 699 F.2d at 869. It is not necessary that a defendant participate directly in the deprivation; the official is sufficiently involved "if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir.1985). Plaintiff has not alleged *any* involvement on the part of defendants Berge or Frank in defendant Brown's decision to withhold plaintiff's letter and de-

mote plaintiff. He has not alleged facts from which an inference could be drawn that defendants Berge and Frank knew of defendant Brown's decision at any time relevant to this case. Therefore, defendants Berge and Frank will be dismissed from this case.

### 3. *Standard of review*

Plaintiff's claim regarding censorship of outgoing mail is analyzed under the standard announced in *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), rather than *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Generally, when an inmate contends that prison officials have violated his constitutional rights, the question is whether the officials' conduct is reasonably related to a legitimate penological interest. However, because the interest in prison security is diminished for outgoing mail, the Supreme Court has applied a heightened standard of review for censorship of outgoing mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) ("The implications of outgoing correspondence for prison security are of a categorically lesser magnitude than the implications of incoming materials."). Specifically, the question is whether the censorship furthers "one or more of the substantial governmental interests of security, order, and rehabilitation" and is "no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier*, 416 U.S. at 413, 94 S.Ct. 1800. Plaintiff's allegations are sufficient to state a claim against defendant Brown under this standard because he alleges that defendant Brown disciplined him and refused to send a letter whose contents were not gang-related and did not advocate violence or other disruptive behavior. Therefore, plaintiff will be granted leave to proceed on this claim. Defen-

dant Brown will have an opportunity at trial or on a motion for summary judgment to demonstrate that his actions complied with the First Amendment.

This is plaintiff's third lawsuit in this court regarding the censorship of his outgoing mail. Although I cannot prevent plaintiff from filing future lawsuits on this same subject, I can make it clear to him that prison officials are accorded a certain amount of deference in their determinations of what constitutes gang-related material. In *Thornburgh*, 490 U.S. at 407–08, 109 S.Ct. 1874, the Supreme Court acknowledged "the expertise of [prison] officials" and the fact that "the judiciary is 'ill-equipped' to deal with the difficult and delicate problems of prison management" and suggested that courts follow the practice of affording "considerable deference to prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." In exercising their authority to monitor inmate correspondence, prison officials justifiably may refuse to send "letters concerning escape[ ] plans or containing other information concerning proposed criminal activity, whether within or without the prison. Similarly, prison officials may properly refuse to transmit encoded messages." *Procunier*, 416 U.S. at 413, 94 S.Ct. 1800. Therefore, plaintiff should be aware that his assertion that the contents of his letter were not gang-related will not be enough by itself to survive a motion for summary judgment.

### ORDER

IT IS ORDERED that

1. Plaintiff Joseph Koutnik's request for leave to proceed is DENIED as to his claim that Wis. Admin. Code § DOC 303.20 is unconstitutional on its face or as applied;

2. Plaintiff's request for leave to proceed is GRANTED as to his claim that defendant Lebbeus Brown violated his rights under the First Amendment by refusing to deliver plaintiff's letter on September 2, 2004 and by disciplining him for writing the letter on September 5, 2004.

3. Defendants Peter Huibregtse, Ellen Ray, Richard Raemisch, Gerald Berge and Matthew Frank are DISMISSED from this case.

4. For the remainder of this lawsuit, plaintiff must send defendant a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless he shows on the court's copy that he has sent a copy to defendant or to defendant's attorney.

5. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendant.